**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE BARBA GONZALEZ, a.k.a. Jose Eric Barba, a.k.a. Jose Barbagonzalez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-70695 <br><br> Agency No. A089-859-061 <br><br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012**

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Jose Barba Gonzalez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and denying his motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand. *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that Barba failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

The BIA did not abuse its discretion in denying Barba's motion to remand for failure to demonstrate that the evidence submitted would likely change the result in the case. *See Young Sun Shin v. Mukasey,* 547 F.3d 1019, 1025 (9th Cir. 2008) ("Aliens who seek to remand or reopen proceedings to pursue relief bear a heavy burden of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." (internal quotations omitted)).

We lack jurisdiction to address Barba's unexhausted contention regarding a continuance. *See Tijani v. Holder,* 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**